**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PASHA MCKENZIE individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DIGITAL REALTY MANAGEMENT SERVICES, LLC <br><br> Defendant. | Case No. 21-cv-933 |

## NOTICE OF REMOVAL

Defendant Digital Realty Management Services, LLC, by and through its undersigned counsel, hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. Removal is proper and timely pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446(b)(3) because within the last thirty (30) days Defendant has received affirmative and unambiguous proof that Plaintiff Pasha McKenzie was a member of a labor union and subject to the terms of a collective bargaining agreement during the time period relevant to Plaintiff's Complaint. Consequently, Plaintiff's alleged state-law claims present a Federal Question under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and, therefore, necessitate removal to the United States District Court for the Northern District of Illinois, Eastern Division. In further support thereof, Defendant respectfully states as follows:

**I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

1.    On September 1, 2020, Plaintiff Pasha McKenzie ("Plaintiff") commenced this action by filing a putative Class Action Complaint ("Complaint") against Defendant Digital Realty

Management Services, LLC ("Defendant") in the Circuit Court of Cook County, Illinois, County Department, Chancery Division. The lawsuit is captioned *Pasha McKenzie v. Digital Realty Management Services, LLC*, Case No. 2020 CH 05661 (Ill. Cir. Ct.) (the "State Court Action"). Defendant was served with the Summons and Complaint on September 18, 2020. Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiff's Complaint, together with and all process, pleadings, and orders served in the State Court Action are attached hereto.[1]

### A. The Allegations and Claims in Plaintiff's Complaint

2. The Complaint alleges a single cause of action claiming that Defendant violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, by using a door entry-authentication system that allegedly collected, stored and used the biometric identifiers and biometric information of individuals to whom Defendant granted access to its facility in Chicago, Illinois.

3. Plaintiff's Class Action Complaint alleges she "worked at" Defendant's Chicago, Illinois facility ("Chicago Facility") from November of 2019 to February of 2020, and that Defendant required Plaintiff to scan her fingerprint as an authentication method to access the Chicago Facility. (Ex. A ¶¶ 27-28.) Apart from Plaintiff's allegation that she "worked at" the Chicago Facility, Plaintiff does not make any other allegations regarding the nature of her employment, nor does she allege anywhere in her Complaint that she was a member of a union or subject to the terms of a collective bargaining agreement. And there is nothing on the face of the Complaint that would suggest she was a member of a union or subject to the terms of a collective bargaining agreement.

---

[1] All pleadings, filings and orders from the State Court Action not specifically referenced in this Notice are attached hereto as Group Exhibit O.

4.      Plaintiff alleges she never signed a written release allowing Defendant to collect or store her fingerprints. (Ex. A ¶ 32.) Plaintiff also alleges that Defendant failed to inform Plaintiff and the putative Class in writing that their biometric identifiers and biometric information were being collected and stored; failed to inform Plaintiff and the Class of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used; and failed to publicly provide a retention schedule or guidelines for permanently destroying its employees' biometric information. (Ex. A ¶¶ 47-50.)

5.      On behalf of herself and each member of the putative class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with BIPA; (3) statutory damages for each BIPA violation, pursuant to 740 ILCS 14/20; (4) reasonable litigation expenses and attorneys' fees; and (5) pre- and post-judgment interest. (Ex. A, Prayer for Relief.)

6.      Plaintiff proposes certification of the following class: "All residents of the State of Illinois who had their fingerprints collected, captured, received or otherwise obtained by Defendant while residing in Illinois." (Ex. A ¶ 35.)

7.      On November 9, 2020, Defendant filed its Answer and Affirmative Defenses to the Complaint. (*See* Ex. B.) On December 2, 2020, the Circuit Court entered an initial case management order. (*See* Ex. C.)

8.      The State Court has not made any merits rulings in the litigation. Nor have the parties made any arguments on any potentially dispositive issues before the State Court.

**B.     Discovery Has Produced Unambiguous Evidence That Plaintiff Was a Member of a Union and Subject to a Collective Bargaining Agreement**

9.      Relevant to this Notice of Removal, on December 15, 2020, Defendant served its first set of interrogatories and requests for admission on Plaintiff. (*See* Exs. D & E, respectively.)

Plaintiff served her objections and responses to Defendant's first set of interrogatories and requests for admission on January 11, 2021. (*See* Exs. F & G, respectively.)

11. Among other things, Defendant served discovery on Plaintiff to understand the nature of Plaintiff's employment and, in particular, whether she was a member of a union, given the absence of any such allegations in the Complaint. Specifically, Defendant's interrogatories and requests for admission inquired whether Plaintiff was a member of a labor union during the time she worked at Defendant's Chicago Facility. Plaintiff denied she had been a union member, but her responses were equivocal and therefore called for deeper investigation. For example, Defendant's Interrogatory No. 8 directly asked Plaintiff if she was a member of a labor union between November 2019 and February 2020, and Plaintiff answered, "*To the best of Plaintiff's knowledge*, no." *See* Plaintiff's Answer to Defendant's Interrogatory No. 8, Ex. F (emphasis added). Similarly, Defendant's Request for Admission No. 2 asked Plaintiff to "[a]dmit that You were a member of a labor union during Your Staffing Period" and again, Plaintiff "answer[ed] *to the best of her knowledge*, Deny." *See* Plaintiff's Response to Defendant's Request for Admission No. 1, Ex. G (emphasis added).

11. To test the veracity of Plaintiff's discovery responses regarding union membership, on January 15, 2021, Defendant served a subpoena on nonparty Service Employees International Union, Local 1 (the "Union" or "SEIU"), requesting production of business records to determine whether Plaintiff had been a member of the Union during the time period when she worked at Defendant's Chicago Facility. (*See* Ex. H.) **On January 22, 2021**, the Union served upon Defendant its written response to the subpoena (*see* Ex. I) and also produced business records establishing that Plaintiff had been a member of the Union (*see* Grp. Ex. J). The Union's response and document production confirmed that Plaintiff had joined the Union on December 18, 2019—

-4-

*i.e.*, during the time period when she worked at Defendant's Chicago facility. (*See* Ex. J-1.) The Union also produced copies of the collective bargaining agreements between the Union and AlliedBarton (Plaintiff's employer[2]), as well as copies of Plaintiff's Union member profile report (Ex. J-2) and dues payment records (Ex. J-3).

## II. DEFENDANT'S NOTICE OF REMOVAL IS TIMELY

12. Although civil actions generally must be removed within 30 days after the defendant's receipt of service of the complaint, this general rule is subject to exceptions. As relevant here, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or ***other paper from which it may first be ascertained that the case is one which is or has become removable***." 28 U.S.C. § 1446(b)(3) (emphasis added). In this case, Section 1446(b)(3)'s exception makes the State Court Action removable notwithstanding the passage of more than 30 days since the date Defendant was served with the Complaint.

13. 28 U.S.C. § 1441(a) allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" Discovery produced by SEIU has unambiguously confirmed that Plaintiff was a member of the Union and subject to a collective bargain agreement. For the reasons explained below, these facts now make it apparent that the State Court Action filed by Plaintiff presents a Federal Question, which vests

---

[2] In her response to one of Defendant's requests for admission, Plaintiff stated "she was assigned to work as a temporary employee for Digital Realty through the staffing agency Allied Burton [*sic*]." *See* Plaintiff's Response to Defendant's Request for Admission No. 1, Ex. G; *see also* Plaintiff's Answer to Defendant's Interrogatory No. 7, Ex. F ("Plaintiff was assigned to work as a temporary employee for Digital Realty through the staffing agency AlliedBarton.").

this Court with original jurisdiction under 28 U.S.C. § 1331, and thereby renders this case removable pursuant to 28 U.S.C. § 1441(a).

14. Here, the initial pleading – the Complaint – does not present a Federal Question on its face. Rather, the Complaint only alleges violations of BIPA—an Illinois state law. Further, the Complaint does not contain any allegations suggesting Plaintiff was a member of a labor union during the time period she worked at Digital's Chicago Facility, such that Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, would preempt Plaintiff's claims. *See, e.g.*, *Gil v. True World Foods Chi., LLC*, No. 20 C 2362, 2020 WL 7027727, at *2 (N.D. Ill. Nov. 30, 2020) ("Section 301 preempts claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." (citation & internal quotation marks omitted)). Therefore, as this case was not "removable" on the face of the Complaint, the 30-day removal clock was not triggered on the date Defendant was served with the Complaint. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823-24 (7th Cir. 2013) ("It's clear that the 30-day removal clock is triggered *only* by the defendant's receipt of a pleading or other litigation paper facially revealing that the grounds for removal are present.") (emphasis in original).

15. Instead, this case first became removable on January 22, 2021 when Defendant was first served with SEIU's response to the subpoena and business records confirming that Plaintiff was a dues-paying member of the Union when she was working at Defendant's Chicago Facility. In particular, the Union's response and records establish that, on December 18, 2019—just *one month after* Plaintiff started working at Digital's Chicago Facility—Plaintiff checked "YES" on her Union authorization form indicating that she did "want to become a Member of SEIU Local 1" and provided written authorization to her employer "to deduct from [her] earnings to pay Local

1 an amount equal to the regular monthly dues and initiation fees uniformly applicable to members of Local 1." (*See* Ex. J-1.) Her authorization form lists her employer as "Allied" and her worksite as "Digital." (*See id.*)

16. The Union produced these documents in response to a subpoena served by Defendants after the State Court Action was initiated. Accordingly, the Union's response and business records constitute "other paper" under Section 1446(b)(3) that enabled Defendant to ascertain that this case is removable. *See, e.g.*, *Martin v. Global Experience Specialists, Inc.*, No. 13 C 07749, 2014 WL 2598788, at *6 (N.D. Ill. June 10, 2014) (stating courts construe the "other paper" requirement to include "papers that are part and parcel of the State Court proceedings having their origin and existence by virtue of the State Court Process"); *Ayotte v. Boeing Co.*, 316 F. Supp. 3d 1066, 1074 n.3 (N.D. Ill. 2018) (stating the "other paper" requirement includes any "official papers filed or exchanged in connection with the [state court] action"); *Janis v. Workhorse Custom Chassis, LLC*, 891 F. Supp. 2d 970, 973-74 (N.D. Ill. 2012) (stating the "other paper" requirement "has been interpreted broadly" and includes "documents produced in discovery"); *Wright v. Nat'l Interstate Ins. Ins. Co.*, No. 16-16214, 2017 WL 344283, at *4 (E.D. La. Jan. 24, 2017) (holding that records obtained through third party's subpoena response were "other paper" under § 1446(b)(3) and triggered the 30-day removal clock).

17. As discussed above, Defendant had attempted to ascertain this information through discovery requests first issued to Plaintiff, but Plaintiff initially denied she was a member of a Union. Not until Defendant received the Union's subpoena response and its records relating to Plaintiff (on January 22, 2021) did Defendant discover that Plaintiff's Union membership overlapped with the period when she worked at Defendant's Chicago Facility. These Union documents constitute "other paper that affirmatively and unambiguously reveals that the predicates

for removal are present." *Walker*, 727 F.3d at 824 (establishing bright-line rule for when the 30-day removal clock begins to run under § 1446(b)).

18. In sum, the 30-day removal clock began to run, at the earliest, on January 22, 2021. Defendant files this Notice of Removal on February 19, 2021, which is the 28th day after the Union served its subpoena response on Defendant. Removal is therefore timely under 28 U.S.C. § 1446(b)(3).

19. Further, on January 28, 2021, Defendant forwarded the Union's subpoena response and document production to Plaintiff's counsel, plus a letter demanding that Plaintiff amend her discovery responses that denied her membership in a Union. (*See* Exs. K & L, respectively.) On February 9, 2021, Plaintiff served amended responses to Defendant's interrogatories and requests for admission. In these amended responses, Plaintiff acknowledged for the first time that she was member of a union during the time she worked at Defendant's Chicago Facility. (*See* Plaintiff's Amended Answer to Defendant's Interrogatory No. 8, Ex. M; Plaintiff's Amended Response to Defendant's Request for Admission Nos. 2 & 4, Ex. N.)

20. Plaintiff's amended responses also undeniably constitute "other paper that affirmatively and unambiguously reveals that the predicates for removal are present." *Janis v. Workhorse Custom Chassis, LLC*, 891 F. Supp. 2d 970, 973-74 (N.D. Ill. 2012).

21. Consequently, even if the Union documents produced pursuant to subpoena did not constitute "other paper", the 30-day removal clock then began to run on February 9, 2021 when Plaintiff amended her discovery responses to confirm she was a union member during the time period when she worked at Defendant's Chicago Facility. Defendant files this Notice of Removal on February 19, 2021, which is the 10th day after Plaintiff amended her responses to Defendant's discovery responses. Removal is therefore also timely on this basis under 28 U.S.C. § 1446(b)(3).

**III.   DISCOVERY HAS REVEALED A FEDERAL QUESTION THAT PRESENTS GROUNDS FOR REMOVAL**

22.   Removal is proper under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See also* 28 U.S.C. § 1441(a).

23.   Here, Plaintiff's membership in the Union and the fact that she was subject to the Union's collective bargaining agreement presents a Federal Question—whether Plaintiff's claims are federally preempted under Section 301 of the LMRA, 29 U.S.C. § 185—and, therefore, confers original jurisdiction in the district courts of the United States.

24.   Section 301 of the LMRA, 29 U.S.C. § 185, provides for federal subject matter jurisdiction—and federal preemption—over "claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective bargaining agreement.'" *Peatry v. Bimbo Bakeries USA, Inc.*, No. 19 C 2942, 2020 WL 919202, at *3 (N.D. Ill. Feb. 26, 2020) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987)).  As the Seventh Circuit has held, "[i]f the resolution of a state law claim depends on the meaning of, or requires interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute." *Peatry*, 2020 WL 919202, at *3 (citing *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 499 (7th Cir. 2013)).

25.   Indeed, district courts in the Seventh Circuit have consistently held that BIPA claims brought by unionized plaintiffs are preempted under the LMRA.  *See, e.g.*, *Williams v. Jackson Park SLF, LLC*, No. 19-CV-8198, 2020 WL 5702294, at *2-4 (N.D. Ill. Sept. 24, 2020) (holding LMRA preempted unionized plaintiff's BIPA claims); *Peatry*, 2020 WL 919202, at *3 (same); *Gil*, 2020 WL 7027727, at *2 (same and citing cases); *Young v. Integrity Healthcare*

*Communities, LLC*, --- F. Supp. 3d ----, 2021 WL 148736, at *3 (S.D. Ill. Jan. 15, 2021) ("The Seventh Circuit has made it clear that BIPA claims are subject to complete federal preemption when the named plaintiffs are members of a union.") (citing *Miller v. Sw. Airlines Co.*, 926 F.3d 898, 903-04 (7th Cir. 2019)); *accord Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1151 n.1 (7th Cir. 2020) (BIPA case and noting that "[u]nder the complete-preemption doctrine, 'a plaintiff's state cause of action [can be recast] as a federal claim for relief making [its] removal [by the defendant] proper on the basis of federal question jurisdiction'" (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009)) (alterations in original)).

26. As relevant here, Plaintiff worked at Defendant's Chicago Facility from November 2019 to February 2020. (Ex. A ¶ 27.) Plaintiff joined the Union on December 18, 2019 and continued to be a member until at least February 2020. (*See* Exs. J-1 & J-2.) As such, the terms and conditions of her employment, and her staffing at Defendant's Chicago Facility, were subject to the terms of the operative collective bargaining agreement between her employer and the Union. Among other things, the operative CBA contains a "management rights" clause that provides Plaintiff's employer with the exclusive right to manage and direct the work-force, including the right to plan, direct, and control all operations performed at the various locations serviced by Plaintiff's employer. Further, the Union agreed to arbitrate grievances and disputes of Union members involving the interpretation and application of the CBA.

27. Section 301 of the LMRA grants ***exclusive*** jurisdiction to federal district courts over disputes involving collective bargaining agreements to promote consistent resolution of labor disputes that must be decided under federal law. *See Allis-Chalmers Corp. v. Lueck*, 417 U.S. 202, 210-11 (1985). Plaintiff's central allegation is that her biometric information was collected, stored, and used by Defendant without her consent. But during the time when Plaintiff was servicing

Defendant's Chicago Facility, she was a member of the Union and her employment was subject to the CBA. In the specific context of BIPA, courts in this Circuit have held that "whether the CBA management rights clause [gives] rise to consent regarding biometric data is a question for an adjustment board" and thus, preempted by § 301 of the LMRA. *Williams*, 2020 WL 5702294, at *3; *see also Miller*, 926 F.3d at 903. "In these circumstances, the Seventh Circuit's guidance makes clear that Plaintiff's claims require interpretation of the CBA—at the very least the management rights clause." *Gray v. Univ. of Chi. Med. Ctr., Inc.*, No. 19-cv-04229, 2020 WL 1445608, at *4 (N.D. Ill. Mar. 26, 2020) (holding union member's BIPA claims were preempted by § 301 of the LMRA).

28. The fact that Plaintiff was a Union member for at least part of the time period when she worked at Defendant's Chicago Facility makes her BIPA claim subject to preemption. *See Williams*, 2020 WL 5702294, at *4 (concluding plaintiff's BIPA claims were preempted even if he was not a union member for the first month of his employment); *Crooms v. Sw. Airlines Co.*, 459 F. Supp. 3d 1041, 1049-50 (N.D. Ill. 2020) (rejecting plaintiffs' attempts to avoid preemption by pointing to their initial six-month probationary period before joining the union, and by trying to limit their class definition when in fact plaintiffs sought to represent all workers, union members or not).

29. For the foregoing reasons, federal preemption under Section 301 of the LMRA and related issues are central to this matter and warrant removal to, and litigation in, the appropriate federal district court. Preemption under Section 301 of the LMRA "has such 'extraordinary preemptive power' that it 'converts an ordinary state common law complaint into stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)).

**IV.** **VENUE IS PROPER IN THE NORTHERN DISTRICT OF ILLINOIS**

30. The United States District Court for the Northern District of Illinois is the appropriate venue for removal of the State Court Action. Under 28 U.S.C. § 1441, a civil action brought in any state court in which the district courts of the United States have original jurisdiction are to be removed to the district court for the district and division embracing the place where the state court action is pending. The State Court Action was filed in Cook County, Illinois, which is located in this judicial district and division.

31. As required by 28 U.S.C. §1446(a), the Complaint, Summons and all other "process, pleadings, and orders" served to date on Defendant are attached hereto.

32. As required by 28 U.S.C. §1446(d), written notice of this Notice of Removal will be sent promptly to Plaintiff's counsel by email and U.S. Mail, and promptly filed with the Clerk of the Circuit Court of Cook County.

33. By filing this Notice of Removal, Defendant does not waive any defenses to the claim Plaintiff asserts on behalf of herself and the putative class, including that Defendant did not violate BIPA and that class certification is inappropriate.

**WHEREFORE**, Defendant Digital Realty Management Services, LLC hereby removes Case Number 2020 CH 05661 pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: February 19, 2021                Respectfully submitted,

                                        DIGITAL REALTY MANAGEMENT
                                        SERVICES, LLC


                                        By: */s/ Kevin M. Cloutier*
                                              One of Its Attorneys


Kevin M. Cloutier, Esq. (ARDC #6273805)
David M. Poell, Esq. (ARDC #6302765)
John E. Swinney, Esq. (ARDC #6327670)
Sheppard Mullin Richter & Hampton LLP
70 West Madison Street, 48th Floor
Chicago, IL 60602
Tel.: (312) 499-6300
Fax: (312) 499-6301
kcloutier@sheppardmullin.com
dpoell@sheppardmullin.com
jswinney@sheppardmullin.com

Kari M. Rollins, Esq. (ARDC #6287218)
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 634-3077
Fax: (917) 438-6173
krollins@sheppardmullin.com

*Attorneys for Digital Realty Management Services, LLC*

## **CERTIFICATE OF SERVICE**

I, Kevin M. Cloutier, hereby certify that on February 19, 2021, I caused a true and correct copy of the foregoing document to be electronically filed utilizing the Court's CM/ECF system. I also transmitted copies of this Notice of Removal (and all exhibits thereto) to the following attorneys of record via email and U.S. mail:

David Fish, Esq.
Mara Baltabols, Esq.
**The Fish Law Firm, P.C.**
200 East Fifth Avenue, Suite 123
Naperville, IL 60563
Tel: (630) 355.7590
dfish@fishlawfirm.com
mara@fishlawfirm.com

*Attorneys for Plaintiff Pasha McKenzie*

                                            */s/ Kevin M. Cloutier*
                                             Kevin M. Cloutier