# EXHIBIT D

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| PASHA MCKENZIE individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2020CH05661 |
| v. | ) ) | Hon. Raymond W. Mitchell |
| DIGITAL REALTY MANAGEMENT SERVICES, LLC | ) ) ) ) | |
| Defendant. | | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES
TO PLAINTIFF PASHA MCKENZIE**

Pursuant to Illinois Supreme Court Rule 213, Defendant Digital Realty Management Services, LLC ("Defendant" or "Digital Realty") hereby requests that Plaintiff Pasha McKenzie ("Plaintiff") respond to the following Interrogatories, in writing and under oath, within twenty-eight (28) days of service. These Interrogatories and the terms used herein shall be construed to require the fullest and most complete answers permitted by Illinois Code of Civil Procedure, the Illinois Supreme Court Rules, and any applicable rules of this Court.

**DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning. As used in these Interrogatories, the following terms are to be interpreted with these definitions.

1. The term "Action" shall refer to the lawsuit captioned *Pasha McKenzie v. Digital Realty Management Services, LLC*, which is pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2020-CH-05661.

2. The terms "all" and "any" shall mean both "each" and "every."

3. The terms "and," "or," and "and/or" are used herein in their general conjunctive sense and are not intended to limit the scope of any Requests. The terms shall be construed as broadly as necessary to bring within the scope of each Request all items that might otherwise be construed to be outside of its scope.

4. The term "communication(s)" means any verbal conversation or written statement from one person to another, whether oral or written, including, but not limited to, any correspondence, e-mail, text, SMS message, instant message (including but not limited to What's App, Zoom, Skype, Google Chats, LinkedIn Messenger, Facebook Messenger, Snapchat, Slack, and Microsoft Teams), Social Media posting or comment (including, but not limited to, Facebook, Twitter, Instagram, YouTube, TikTok, LinkedIn, Reddit, and Snapchat), memorandum, interview, conference, meeting, or telephone conversation.

5. The term "AlliedBarton" refers to Allied Universal Security Services, LLC, f/k/a AlliedBarton Security Services LLC.

6. The term "BIPA" refers to Illinois' Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.

7. The term "BioConnect" refers to BioConnect, Inc.

8. The term "Biometric Identifier" means a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry.

9. The term "Biometric Information" means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's Biometric Identifier used to identify an individual.

10. The term "CBA" refers to a collective bargaining agreement – *i.e.*, a contract regarding hiring, working conditions and dispute resolution between an employer and a union.

11. The term "Class Member" refers to any resident of the State of Illinois who had their fingerprints collected, captured, received, or otherwise obtained by Defendant while residing in Illinois.

12. The term "Complaint" shall mean the Complaint filed by Plaintiff in the above-captioned matter on September 1, 2020.

13. The terms "concerning" or "relating to" mean referring to, describing, evidencing or consisting.

14. The term "Digital Realty" refers to Defendant Digital Realty Management Services, LLC, its parent companies, subsidiaries, affiliates, partnerships, and any past or present directors, officers, members, employees, representatives, agents, or anyone acting on their behalf.

15. The term "Digital Realty Customer" refers to any person who is an employee, representative and/or agent of any entity that has had a business relationship with Digital Realty during the Relevant Time Period.

16. The terms "Plaintiff," "You" and/or "Your" refer to Plaintiff Pasha McKenzie and her agents, representatives, attorneys, affiliated entities, or other persons acting on her behalf or under her control.

17. The term "Suprema" refers to Suprema, Inc.

18. The term "Your Staffing Period" refers to the entirety of the time period during which Plaintiff worked at Digital Realty's Chicago, Illinois facility.

19. The term "document" is used in its broadest sense and means, without limiting the generality of its meaning, any drafts of or finalized written, typed, printed, recorded or graphic matter or data of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including, but not limited to, and

by way of example only: letters or other correspondence, messages, facsimiles, e-mails, chats or text messages, Facebook posts or messages; LinkedIn posts or messages, Slack messages, Zoom messages, Skype messages, Google Chats, Microsoft Team communications, Twitter posts, Instagram posts, Tumblr posts, Reddit posts, Snapchat communications, Whats App messages, schedules, calendars, business plans relating to recruiting, hiring, or staffing plans for financial team, telephone records, invoices, minutes of meetings or conferences, transcripts of telephone conversations, checks (front and back), check stubs, receipts, photographs, advertisements, including computer data, computer diskettes or the memory units containing such data from which information can be obtained or translated into usable form.

20. The term "identify" when used in reference to a natural person means to state his or her full name, present residential address and home telephone number, present business address and business telephone number or, if the above are not known, such information as was last known, and his or her residential address, home telephone number, business title, business affiliation, business address and business telephone number at the time in question. When used in reference to a document, "identify" means to state the type of document (*e.g.*, letter, memorandum, contract, telegram, etc.) or some other means of identifying it, its date, the general subject matter of the document with sufficient particularity so as to enable such document to be precisely identified, author or authors, addressee or addresses and its present location or custodian. When used in reference to an act, occurrence, transaction, decision, statement, communication or conduct (hereinafter collectively referred to as an "act"), "identify" means to describe in substance the event or events constituting such act, or what transpired, the place and date thereof and to identify the persons present, the persons involved and the documents referring or relating thereto. "Identify" (with respect to persons) means to give, to the extent known, the persons' full name,

present last known address and, when referring to a natural person, additionally, the present or last known place of employment.

21. "Including" means including but not limited to the referenced subject.

22. "Person" or "Individual" means all natural persons, corporations, partnerships, limited partnerships, joint ventures, unincorporated associations, any other business association, government entities, and all other legal entities.

23. The term "relating to" as used herein shall be interpreted broadly and shall include, but not be limited to, the following meanings: concerning, containing, regarding, recording, discussing, mentioning, noting, evidencing, supporting, memorializing, summarizing, analyzing, describing, commenting upon, pertaining to and/or referring, in whole or in part, to the matters set forth.

24. The past tense and present tense shall be construed as interchangeable so as to be as inclusive as possible.

25. The use of the singular form of any word includes the plural and vice versa.

26. All references made and all nouns and pronouns herein shall be construed in the singular or the plural and in such gender as the sense and circumstances require.

## INSTRUCTIONS

1. These Interrogatories seek all information in the possession, custody or control of Plaintiff, whether in the possession of Plaintiff's agents, attorneys or any other person and/or entity.

2. Each of these Interrogatories shall be construed independently and not by reference to any other Interrogatory for the purpose of limitation.

3. In the event that Plaintiff contends that any of these Interrogatories are objectionable, in whole or in part, Plaintiff shall state with particularity each such objection and the bases therefore, and shall respond to the remainder of the Interrogatory to the extent that Plaintiff is not objecting to it.

4. Whenever an Interrogatory asks for the identity of any document, Plaintiff may in lieu of identifying the document produce the document for inspection and copying with a specific reference to the Interrogatory to which it responds.

5. Where information is requested which is personal to, or within the sole knowledge of, one person, provide the information requested, and indicate which person the information is personal to, or within the sole knowledge of. If information requested is personal to more than one person, or within the knowledge of more than one person, provide the answer requested, identifying the information pertaining to each such person, or to each such person's knowledge.

6. If the answer to all or any part of any Interrogatory is not presently known or available, include a statement to that effect, furnish the information known or available, and respond to the entire Interrogatory by supplemental answer in writing and under oath within ten days from the time the entire answer becomes known or available. Also set forth a best estimate, clearly designated as such, in place of the unknown information and describe the basis upon which the estimate is made.

7. If Plaintiff contends that any Interrogatory or portion thereof calls for any privileged information, or for any document that is covered by any privilege, state the grounds for such contention or objection, and identify each person having knowledge of the factual basis, if any, upon which the privilege or objection is asserted. If Plaintiff claims that any document is privileged, describe the type of document (*e.g.*, letter, memorandum, photograph, etc.), state the

general subject matter, the date of the document, and the author and each addressee of the document where applicable. If Plaintiff claims that any oral communication is privileged, identify each person taking part in the communication and each person present while the communication was made, and state the date, place and general subject matter of the communication.

8. Unless otherwise noted, the "Relevant Time Period" for each of the following Interrogatories spans from September 1, 2015 to the Present.

9. These Interrogatories are continuing in character so as to require Plaintiff to supplement its responses and produce additional information if Plaintiff can locate or obtain knowledge of such additional information at any time prior to the final hearing in this proceeding.

10. If You object to any Interrogatory as being vague or ambiguous, identify each word or phrase You consider to be vague, define the term as You understand it, and answer the Interrogatory according to Your understanding.

11. If any Interrogatory cannot be answered in full, answer to the extent possible, specify the reason for the inability to answer the remainder, and state whatever information and knowledge You have regarding the remainder of the Interrogatory.

12. These Interrogatories shall be deemed continuing so as to require supplemental responses if You learn of additional responsive information between the time of initial responses and the time of trial pursuant to Illinois Supreme Court Rule 213(i).

## INTERROGATORIES

1. Identify by name, address, telephone number and position each person providing information used to answer these Interrogatories or assisting in the development of Your answers to these Interrogatories.

**ANSWER:**

2. Identify all persons who have or whom You believe has knowledge of facts relating to the allegations in the Complaint and, for each person identified, set forth the knowledge You believe each person possesses and whether any statements have been taken from him/her.

**ANSWER:**

3. Identify how You first became aware of BIPA. Your answer should include the approximate date on which You first became aware of BIPA, and the names of any persons who informed You about BIPA, including but not limited to Your attorneys.

**ANSWER:**

4. Identify all Biometric Identifiers and/or Biometric Information that You allege Digital Realty captured, collected, stored, used and/or retained during the Relevant Time Period.

**ANSWER:**

5. Identify the start date and end date of Your Staffing Period.

**ANSWER:**

6. Identify the addresses of any and all Digital Realty facilities where You worked during the Staffing Period.

**ANSWER:**

7. Were You an employee of AlliedBarton during Your Staffing Period? If yes, identify the entire time period during which You have been an employee of AlliedBarton.

**ANSWER:**

8. Were You a member of a labor union during Your Staffing Period? If yes, identify the union by name and local number, and further identify the time period during which You have been a member of such union.

**ANSWER:**

9. Were You a member of a bargaining unit represented by a union and subject to a CBA during Your Staffing Period? If yes, identify the name or title of the CBA.

**ANSWER:**

10. Are You currently employed? If yes, identify the name of Your current employer. If no, identify the name of Your most recent employer.

**ANSWER:**

11. Identify all current or former AlliedBarton employees with whom You have had any type of contact during the Relevant Time Period relating to the allegations in the Complaint, including but not limited to, in-person conversations, phone calls, emails, text messages, and/or social media messages (*e.g.*, Facebook, Twitter, Instagram, LinkedIn, WhatsApp, Reddit, etc.).

**ANSWER:**

12. Identify all current or former Digital Realty employees with whom You have had any type of contact during the Relevant Time Period relating to the allegations in the Complaint, including but not limited to, in-person conversations, phone calls, emails, text messages, and/or social media messages (*e.g.*, Facebook, Twitter, Instagram, LinkedIn, WhatsApp, Reddit, etc.).

**ANSWER:**

13. Identify all Class Members with whom You have had any type of contact during the Relevant Time Period relating to the allegations in the Complaint, including but not limited to, in-person conversations, phone calls, emails, text messages, and/or social media messages (*e.g.*, Facebook, Twitter, Instagram, LinkedIn, WhatsApp, Reddit, etc.).

**ANSWER:**

14. Identify all third parties with whom You have any type of contact during the Relevant Time Period relating to the allegations in the Complaint, including but not limited to, in-

person conversations, phone calls, emails, text messages, and/or social media messages (*e.g.*, Facebook, Twitter, Instagram, LinkedIn, WhatsApp, Reddit, etc.).

**ANSWER:**

15. Describe, with specificity, each type of damages You are seeking in this Action, including, but not limited to, the precise monetary amount, how each item of damage was calculated, and whether professional advice was sought regarding the alleged damage or injury (and, if so, identify the name, profession, address, and telephone number of each professional or paraprofessional consulted and his/her area of expertise, if any).

**ANSWER:**

16. With respect to Your claim for liquidated damages in this Action, as requested in Paragraph 34 of the Complaint, identify, with particularity a separate computation of Your alleged liquidated damages. Such computation shall include, but is not limited to, the amount that You allege You are owed in liquidated damages and the basis for such liquidated damages.

**ANSWER:**

17. Identify, with specificity, all facts supporting Your allegation that Digital Realty stored Your fingerprint data in its databases, as alleged in Paragraph 28 of the Complaint.

**ANSWER:**

18. Did You use a key card to obtain access to Digital Realty's facility during Your Staffing Period? If yes, did the key card contain Your fingerprint information?

**ANSWER:**

19. Do You consider all Illinois Digital Realty employees who have had their Biometric Identifiers and/or Biometric Information captured, collected, stored, used and/or retained by

Digital Realty to be part of the putative class in this Action? Regardless of whether Your answer is 'Yes' or 'No,' explain the basis for Your answer.

**ANSWER:**

20. If a Digital Realty employee (i) works at a Digital Realty facility in Illinois, (ii) has had his/her Biometric Identifiers and/or Biometric Information captured, collected, stored, used and/or retained by Digital Realty, (iii) but is *not* an Illinois resident, do you consider such a person to be part of the putative class in this Action? Regardless of whether Your answer is 'Yes' or 'No,' explain the basis for Your answer.

**ANSWER:**

21. Do You consider all Illinois AlliedBarton employees who have had their Biometric Identifiers and/or Biometric Information captured, collected, stored, used and/or retained by Digital Realty to be part of the putative class in this Action? Regardless of whether Your answer is 'Yes' or 'No,' explain the basis for Your answer.

**ANSWER:**

22. If an AlliedBarton employee (i) works at a Digital Realty facility in Illinois, (ii) has had his/her Biometric Identifiers and/or Biometric Information captured, collected, stored, used and/or retained by Digital Realty, (iii) but is *not* an Illinois resident, do you consider such a person to be part of the putative class in this Action? Regardless of whether Your answer is 'Yes' or 'No,' explain the basis for Your answer.

**ANSWER:**

23. Do You consider all Digital Realty Customers who have had their Biometric Identifiers and/or Biometric Information captured, collected, stored, used and/or retained by

Digital Realty to be part of the putative class in this Action? Regardless of whether Your answer is 'Yes' or 'No,' explain the basis for Your answer.

**ANSWER:**

24. If a Digital Realty Customer (i) accesses a Digital Realty facility in Illinois, (ii) has had his/her Biometric Identifiers and/or Biometric Information captured, collected, stored, used and/or retained by Digital Realty, (iii) but is *not* an Illinois resident, do you consider such a person to be part of the putative class in this Action? Regardless of whether Your answer is 'Yes' or 'No,' explain the basis for Your answer.

**ANSWER:**

25. Have You ever been convicted of a felony or a misdemeanor offense? If yes, identify, with specificity, the facts relating to Your conviction(s).

**ANSWER:**

26. Identify, with specificity, the number of times You allege Digital Realty required You to scan Your fingerprint each day during Your Staffing Period. Your answer should set forth how You arrived at this number and any factual support for this calculation.

**ANSWER:**

27. Identify any leaves of absence or time off You took during Your Staffing Period and state how long the leave of absence or time off lasted.

**ANSWER:**

28. Identify any and all lawsuits in which You have participated as an individual plaintiff or a plaintiff representative of a putative or actual class of persons. For each lawsuit, identify (a) the caption of the lawsuit, (b) the date the lawsuit was filed, (c) the court in which the lawsuit was filed, (d) the claims asserted by You in the lawsuit, (e) whether the lawsuit was brought

as a putative class action and, if so, whether you were plaintiff representative of the putative or actual class, and (f) the outcome or resolution of the lawsuit.

**ANSWER:**

Dated: December 15, 2020            Respectfully submitted,

DIGITAL REALTY MANAGEMENT SERVICES, LLC

By: */s/ David M. Poell*
      One of Its Attorneys

Kevin M. Cloutier, Esq. (ARDC #6273805)
David M. Poell, Esq. (ARDC #6302765)
John Swinney, Esq. (ARDC #6327670)
Sheppard Mullin Richter & Hampton LLP
70 West Madison Street, 48th Floor
Chicago, IL 60602
Tel.: (312) 499-6300
Fax: (312) 499-6301
kcloutier@sheppardmullin.com
dpoell@sheppardmullin.com
jswinney@sheppardmullin.com
Firm I.D. No. 49795

Kari M. Rollins, Esq. (ARDC #6287218)
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 634-3077
Fax: (917) 438-6173
krollins@sheppardmullin.com

*Attorneys for Defendant Digital Realty Management Services, LLC*

## **CERTIFICATE OF SERVICE**

    David M. Poell, an attorney, hereby certifies that on December 15, 2020, he emailed a true and correct copy of the foregoing document to the following counsel of record:

David Fish, Esq.
Mara Baltabols, Esq.
John Kunze, Esq.
**The Fish Law Firm, P.C.**
200 East Fifth Avenue, Suite 123
Naperville, IL 60563
Tel: (630) 355.7590
dfish@fishlawfirm.com
mara@fishlawfirm.com
kunze@fishlawfirm.com

*Attorneys for Plaintiff Pasha McKenzie*

                                              */s/ David M. Poell*
                                              David M. Poell