# EXHIBIT E

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
# COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| PASHA MCKENZIE individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2020CH05661 |
| v. | ) ) ) | Hon. Raymond W. Mitchell |
| DIGITAL REALTY MANAGEMENT SERVICES, LLC | ) ) ) | |
| Defendant. | | |

### DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF PASHA MCKENZIE

Pursuant to Illinois Supreme Court Rule 216, Defendant Digital Realty Management Services, LLC ("Defendant" or "Digital Realty") hereby requests that Plaintiff Pasha McKenzie ("Plaintiff") respond to the following Requests for Admission ("Requests") within twenty-eight (28) days of service. These Requests and the terms used herein shall be construed to require the fullest and most complete answers permitted by Illinois Code of Civil Procedure, the Illinois Supreme Court Rules, and any applicable rules of this Court.

**WARNING: If you fail to serve the responses required by Illinois Supreme Court Rule 216 within 28 days after you are served with this document, all the facts set forth in the requests will be deemed true and all the documents described in the requests will be deemed genuine.**

### DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning. As used in these Requests, the following terms are to be interpreted with these definitions.

1. The term "Action" shall refer to the lawsuit captioned *Pasha McKenzie v. Digital Realty Management Services, LLC*, which is pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2020-CH-05661.

2. The terms "all" and "any" shall mean both "each" and "every."

3. The terms "and," "or," and "and/or" are used herein in their general conjunctive sense and are not intended to limit the scope of any Requests. The terms shall be construed as broadly as necessary to bring within the scope of each Request all items that might otherwise be construed to be outside of its scope.

4. The term "communication(s)" means any verbal conversation or written statement from one person to another, whether oral or written, including, but not limited to, any correspondence, e-mail, text, SMS message, instant message (including but not limited to What's App, Zoom, Skype, Google Chats, LinkedIn Messenger, Facebook Messenger, Snapchat, Slack, and Microsoft Teams), Social Media posting or comment (including, but not limited to, Facebook, Twitter, Instagram, YouTube, TikTok, LinkedIn, Reddit, and Snapchat), memorandum, interview, conference, meeting, or telephone conversation.

5. The term "AlliedBarton" refers to Allied Universal Security Services, LLC, f/k/a AlliedBarton Security Services LLC.

6. The term "BIPA" refers to Illinois' Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.

7. The term "Biometric Identifier" means a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry.

8. The term "Biometric Information" means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's Biometric Identifier used to

identify an individual.

9. The term "CBA" refers to a collective bargaining agreement – *i.e.*, a contract regarding hiring, working conditions and dispute resolution between an employer and a union.

10. The term "Class Member" refers to any resident of the State of Illinois who had their fingerprints collected, captured, received, or otherwise obtained by Defendant while residing in Illinois.

11. The term "Complaint" shall mean the Complaint filed by Plaintiff in the above-captioned matter on September 1, 2020.

12. The terms "concerning" or "relating to" mean referring to, describing, evidencing or consisting.

13. The term "Digital Realty" refers to Defendant Digital Realty Management Services, LLC, its parent companies, subsidiaries, affiliates, partnerships, and any past or present directors, officers, members, employees, representatives, agents, or anyone acting on their behalf.

14. The terms "Plaintiff," "You" and/or "Your" refer to Plaintiff Pasha McKenzie and her agents, representatives, attorneys, affiliated entities, or other persons acting on her behalf or under her control.

15. The term "Your Staffing Period" refers to the entirety of the time period during which Plaintiff worked at Digital Realty's Chicago, Illinois facility.

16. The term "document" is used in its broadest sense and means, without limiting the generality of its meaning, any drafts of or finalized written, typed, printed, recorded or graphic matter or data of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including, but not limited to, and by way of example only: letters or other correspondence, messages, facsimiles, e-mails, chats or

text messages, Facebook posts or messages; LinkedIn posts or messages, Slack messages, Zoom messages, Skype messages, Google Chats, Microsoft Team communications, Twitter posts, Instagram posts, Tumblr posts, Reddit posts, Snapchat communications, Whats App messages, schedules, calendars, business plans relating to recruiting, hiring, or staffing plans for financial team, telephone records, invoices, minutes of meetings or conferences, transcripts of telephone conversations, checks (front and back), check stubs, receipts, photographs, advertisements, including computer data, computer diskettes or the memory units containing such data from which information can be obtained or translated into usable form.

17. The term "identify" when used in reference to a natural person means to state his or her full name, present residential address and home telephone number, present business address and business telephone number or, if the above are not known, such information as was last known, and his or her residential address, home telephone number, business title, business affiliation, business address and business telephone number at the time in question. When used in reference to a document, "identify" means to state the type of document (*e.g.*, letter, memorandum, contract, telegram, etc.) or some other means of identifying it, its date, the general subject matter of the document with sufficient particularity so as to enable such document to be precisely identified, author or authors, addressee or addresses and its present location or custodian. When used in reference to an act, occurrence, transaction, decision, statement, communication or conduct (hereinafter collectively referred to as an "act"), "identify" means to describe in substance the event or events constituting such act, or what transpired, the place and date thereof and to identify the persons present, the persons involved and the documents referring or relating thereto. "Identify" (with respect to persons) means to give, to the extent known, the persons' full name,

present last known address and, when referring to a natural person, additionally, the present or last known place of employment.

18. "Including" means including but not limited to the referenced subject.

19. "Person" or "Individual" means all natural persons, corporations, partnerships, limited partnerships, joint ventures, unincorporated associations, any other business association, government entities, and all other legal entities.

20. The term "relating to" as used herein shall be interpreted broadly and shall include, but not be limited to, the following meanings: concerning, containing, regarding, recording, discussing, mentioning, noting, evidencing, supporting, memorializing, summarizing, analyzing, describing, commenting upon, pertaining to and/or referring, in whole or in part, to the matters set forth.

21. The past tense and present tense shall be construed as interchangeable so as to be as inclusive as possible.

22. The use of the singular form of any word includes the plural and vice versa. All references made and all nouns and pronouns herein shall be construed in the singular or the plural and in such gender as the sense and circumstances require.

## **INSTRUCTIONS**

1. These Requests seek all information in the possession, custody or control of Plaintiff, whether in the possession of Plaintiff's agents, attorneys or any other person and/or entity.

2. Each of these Requests shall be construed independently and not by reference to any other Request for the purpose of limitation.

3. In the event that Plaintiff contends that any of these Requests are objectionable, in whole or in part, Plaintiff shall state with particularity each such objection and the bases therefore, and shall respond to the remainder of the Request to the extent that Plaintiff is not objecting to it.

4. Whenever a Request asks for the identity of any document, Plaintiff may in lieu of identifying the document produce the document for inspection and copying with a specific reference to the Request to which it responds.

5. Where information is requested which is personal to, or within the sole knowledge of, one person, provide the information requested, and indicate which person the information is personal to, or within the sole knowledge of. If information requested is personal to more than one person, or within the knowledge of more than one person, provide the answer requested, identifying the information pertaining to each such person, or to each such person's knowledge.

6. If the answer to all or any part of any Requests is not presently known or available, include a statement to that effect, furnish the information known or available, and respond to the entire Request by supplemental answer in writing and under oath within ten (10) days from the time the entire answer becomes known or available. Also set forth a best estimate, clearly designated as such, in place of the unknown information and describe the basis upon which the estimate is made.

7. If Plaintiff contends that any Request or portion thereof calls for any privileged information, or for any document that is covered by any privilege, state the grounds for such contention or objection, and identify each person having knowledge of the factual basis, if any, upon which the privilege or objection is asserted. If Plaintiff claims that any document is privileged, describe the type of document (*e.g.*, letter, memorandum, photograph, etc.), state the general subject matter, the date of the document, and the author and each addressee of the

document where applicable.  If Plaintiff claims that any oral communication is privileged, identify each person taking part in the communication and each person present while the communication was made, and state the date, place and general subject matter of the communication.

8. Unless otherwise noted, the "Relevant Time Period" for each of the following Interrogatories spans from September 1, 2015 to the Present.

9. These Requests are continuing in character so as to require Plaintiff to supplement its responses and produce additional information if Plaintiff can locate or obtain knowledge of such additional information at any time prior to the final hearing in this proceeding.

10. If You object to any Request as being vague or ambiguous, identify each word or phrase You consider to be vague, define the term as You understand it, and answer the Interrogatory according to Your understanding.

11. If any Request cannot be answered in full, answer to the extent possible, specify the reason for the inability to answer the remainder, and state whatever information and knowledge You have regarding the remainder of the Request.

## **REQUESTS FOR ADMISSION**

1. Admit that You were an employee of AlliedBarton during Your Staffing Period.

**RESPONSE:**

2. Admit that You were a member of a labor union during Your Staffing Period.

**RESPONSE:**

3. Admit that You were a member of a labor union in November 2019.

**RESPONSE:**

4. Admit that You were a member of a labor union in February 2020.

**RESPONSE:**

5. Admit that a labor union represented Your employment interests during Your Staffing Period.

**RESPONSE:**

6. Admit that You were a member of a bargaining unit represented by a union and subject to a CBA during Your Staffing Period.

**RESPONSE:**

7. Admit that You have never been an employee of Digital Realty.

**RESPONSE:**

8. Admit that You were a resident of the State of Illinois during Your Staffing Period.

**RESPONSE:**

9. Admit that You are currently a resident of the State of Illinois.

**RESPONSE:**

10. Admit that You only worked at one (1) Digital Realty facility in Chicago, Illinois during the Relevant Time Period.

**RESPONSE:**

11. Admit that You did not have scanned or collected any Biometric Identifier other than Your fingerprint in connection with authorizing Your access to the Digital Realty facility at which you worked during Your Staffing Period.

**RESPONSE:**

12. Admit that You used a key card to enter and exit the Digital Realty facility at which You worked during Your Staffing Period.

**RESPONSE:**

13. Admit that You have not worked at any Digital Realty facility since February 2020.

**RESPONSE:**

14. Admit that You did not physically press Your finger to any device on a daily basis prior to entering or exiting the Digital Realty facility at which You worked during Your Staffing Period.

**RESPONSE:**

15. Admit that You no longer possess the key card You used to enter and exit the Digital Realty facility at which You worked during Your Staffing Period.

**RESPONSE:**

16. Admit that Your employment with AlliedBarton has been terminated.

**RESPONSE:**

17. Admit that You are currently a member of a labor union.

**RESPONSE:**

18. Admit that You have not suffered any economic injuries as a result of allegedly providing Your Biometric Information to Digital Realty.

**RESPONSE:**

19. Admit that You have not suffered identity theft as a result of allegedly providing Your Biometric Information to Digital Realty.

**RESPONSE:**

20. Admit that You did not object to any Digital Realty employee regarding the collection of Your Biometric Information during Your Staffing Period.

**RESPONSE:**

21. Admit that You did not object to any AlliedBarton employee regarding the collection of Your Biometric Information during Your Staffing Period.

**RESPONSE:**

Dated: December 15, 2020                    Respectfully submitted,

                                                                     DIGITAL REALTY MANAGEMENT
                                                                     SERVICES, LLC

                                                                     By: */s/ David M. Poell*
                                                                           One of Its Attorneys

Kevin M. Cloutier, Esq. (ARDC #6273805)
David M. Poell, Esq. (ARDC #6302765)
John Swinney, Esq. (ARDC #6327670)
Sheppard Mullin Richter & Hampton LLP
70 West Madison Street, 48th Floor
Chicago, IL 60602
Tel.: (312) 499-6300
Fax: (312) 499-6301
kcloutier@sheppardmullin.com
dpoell@sheppardmullin.com
jswinney@sheppardmullin.com
Firm I.D. No. 49795

Kari M. Rollins, Esq. (ARDC #6287218)
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 634-3077
Fax: (917) 438-6173
krollins@sheppardmullin.com

*Attorneys for Defendant Digital Realty Management Services, LLC*

# CERTIFICATE OF SERVICE

David M. Poell, an attorney, hereby certifies that on December 15, 2020, he caused a true and correct copy of the foregoing document to be electronically filed using this Court's e-filing platform and further, emailed a copy of this document to the following counsel of record:

David Fish, Esq.
Mara Baltabols, Esq.
John Kunze, Esq.
**The Fish Law Firm, P.C.**
200 East Fifth Avenue, Suite 123
Naperville, IL 60563
Tel: (630) 355.7590
dfish@fishlawfirm.com
mara@fishlawfirm.com
kunze@fishlawfirm.com

*Attorneys for Plaintiff Pasha McKenzie*

<u>*/s/ David M. Poell*</u>
David M. Poell